A+/03

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
ENTERED

JAN 05 2000

Michael N. Milby, Clerk of Court

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN W. ROBERTSON, et al., On Behalf of Themselves and All Others Similarly Situated, | ) | CIVIL ACTION NO. H-98-0364 |
| Plaintiffs, | ) | FINAL JUDGMENT AND ORDER OF DISMISSAL |
| vs. | ) | |
| DAVID B. STRASSNER, et al., | ) | DATE: January 5, 2000<br>TIME: 9:00 a.m.<br>COURTROOM: The Honorable Nancy F. Atlas |
| Defendants. | ) | |

64

ClibPDF - www.fastio.com

This matter came before the Court for hearing pursuant to the Order of this Court, dated October 22, 1999 (the "Order"), on the application of the Parties for approval of the settlement set forth in the Stipulation of Settlement dated as of October 19, 1999 (the "Stipulation"). Due and adequate notice having been given to the Settlement Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Settlement Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure the Court certifies, for purposes of effectuating this settlement only, a Settlement Class consisting of all persons (except defendants, officers and directors of Offshore Energy Development Corporation ("OEDC"), members of the immediate family of any individual defendant, any entity in which any defendant has a controlling interest, and the legal representatives, heirs, successors or assigns of any such excluded party) who purchased OEDC common stock during the Settlement Class Period, excluding those Persons who timely and validly requested exclusion from the Settlement Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action sent to Settlement Class Members.

4. With respect to the Settlement Class, this Court finds and concludes that: (a) the Members of the Class are so numerous that joinder of all Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions; (c) the claims of the Representative Plaintiffs are typical of the claims of the Class; (d) the Representative Plaintiffs and their counsel have fairly and adequately represented and protected the interests of all of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced



ClibPDF - www.fastio.com

by Members of the Class, (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the class action.

5. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the settlement set forth in the Stipulation and finds that said settlement is, in all respects, fair, just reasonable and adequate to the Settlement Class.

6. Except as to any individual claim of those Persons (identified in Exhibit 1 hereto) who have validly and timely requested exclusion from the Settlement Class, this Court hereby dismisses with prejudice and without costs (except as otherwise provided in the Stipulation) the Litigation against the defendants.

7. The Court finds that the Stipulation and settlement contained therein are fair, just, reasonable and adequate as to each of the Settling Parties, and that the Stipulation and settlement contained therein are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

8. Upon the Effective Date hereof, the Representative Plaintiffs and all other Settlement Class Members shall fully, finally, and forever release, relinquish and discharge all Released Claims against each and all of the Released Persons, whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release.

9. All Settlement Class Members are hereby forever barred and enjoined from prosecuting the Released Claims against the Released Persons.

10. Upon the Effective Date hereof, each of the defendants shall fully, finally, and forever release, relinquish and discharge each and all of the Representative Plaintiffs, the other Settlement Class Members, counsel to the Representative Plaintiffs, and all other defendants from all claims (including "Unknown Claims") arising out of, relating to, or in connection with the institution, prosecution, assertion or resolution of the Litigation or the Released Claims, except claims to enforce the releases contained in the Stipulation.

11. Upon the Effective Date hereof, Settlement Class Members are forever barred and enjoined from filing, asserting, assigning or collecting any and all claims, actions, causes of action,



ClibPDF - www.fastio.com

proceedings, or suits against any party heretofore not named as a defendant in the Federal Action or the State Action arising out of any Released Claims which could be the basis for any claim for contribution or indemnity against any Released Party.

12. Notice of the Settlement which was given to the Settlement Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Settlement Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

13. Any plan of allocation submitted by Plaintiffs' Settlement Counsel or any order entered regarding the attorneys' fees application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

14. Neither the Stipulation nor the settlement contained therein, nor any act performed, document executed, or statement made pursuant to or in support of or in furtherance of the Stipulation or the settlement contained therein: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons, or (ii) is or may deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, or (iii) is or may be deemed to be or may be used as an admission, or evidence of, the invalidity of any Released Claim or of any limitations on the amount of damages resulting from or recoverable as a result of any Released Claim. Defendants may file the Stipulation and/or the Judgment from this action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of this Settlement and any award or distribution of



ClibPDF - www.fastio.com

the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, costs, interest and expenses in the Litigation; and (d) all Parties hereto for the purpose of construing, enforcing and administering the Stipulation.

16. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11 and Rule 13 of the Texas Rules of Civil Procedure.

17. The Settling Parties, their agents, employees and counsel, and the Claims Administrator shall not be liable for anything done or omitted to be done in connection with this Settlement, the entry of this Judgment, the administration of claims, or the payments to Authorized Claimants, except for their own willful misconduct.

In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Settlement Fund, or any portion thereof, is returned to the defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

IT IS SO ORDERED.

DATED: January 5, 2000

Nancy F. Atlas

THE HONORABLE NANCY F. ATLAS
UNITED STATES DISTRICT JUDGE

N:\CASES\OFFSHORE.SET\KRJ80320.jgt



ClibPDF - www.fastio.com

AS OF DECEMBER 22, 1999 NO REQUESTS
FOR EXCLUSION HAD BEEN RECEIVED

Exhibit 1

ClibPDF - www.fastio.com